IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENNETH GEORGE MILOSKY, et al., | ) ) ) | CIVIL NO. 14-00334 SOM/BMK |
| Plaintiffs, | ) ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| GREEN TREE SERVICING LLC, et al. | ) ) ) | |
| Defendants. | ) ) ) ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS**

**I.      INTRODUCTION.**

Defendants Green Tree Servicing LLC ("Green Tree") and

Mortgage Electronic Registration Systems, Inc. ("MERS")

(collectively, "Defendants") move to dismiss the Complaint filed

by Plaintiffs Kenneth George Milosky and Sion Milosky

("Plaintiffs") on May 20, 2014.  The court grants the motion to

dismiss because Plaintiffs fail to state a claim against

Defendants upon which relief can be granted.[1]

**II.      FACTUAL BACKGROUND.**

On March 26, 2004, Plaintiffs executed a promissory

note (the "Note") in connection with a $430,500.00 loan secured

by a mortgage (the "Mortgage") on real property on Lauoho Road in

Kalaheo on the island of Kauai (the "Property").  ECF No. 1-2,

---

[1] The court decides this matter without a hearing pursuant
to Local Rule 7.2(d).

PageID # 44; ECF No. 5-1, PageID # 63.  The Mortgage lists

Lighthouse Funding Corporation ("Lighthouse") as the Lender and

MERS as the nominee for the Lender and the Lender's successors

and assigns.  ECF No. 1-2, PageID # 29-30.  Green Tree is the

current servicer of the loan.  ECF No. 5-1, PageID # 63.

On May 20, 2014, Plaintiffs filed a Complaint against

Defendants in state court.  ECF No. 1-2.  Defendants removed the

action to this court on July 25, 2014.  ECF No. 1.

In their Complaint, Plaintiffs assert a quiet title

claim under section 669-1 of Hawaii Revised Statutes, arguing

that Defendants have created a cloud on their title to the

Property.  ECF No. 1-2, PageID # 18-19.  Plaintiffs also contend

that Green Tree violated sections 480-2(a) and 481A-3 of Hawaii

Revised Statutes by: (1) "[m]aking the Lighthouse loan based on

the value of the Subject Property without regard to Plaintiffs[']

ability to repay the loan"; (2) "[f]alsely representing that

Defendant Green Tree's agent would refinance the loan in a few

years so that Plaintiffs could avoid having to pay an adjustable

rate mortgage"; (3) "[f]alsely representing that the Lighthouse

loan was affordable for the Plaintiffs"; and (4) "[f]alsely

representing that it was acting in Plaintiffs['] best interests."

Id., PageID # 20.  The alleged false representations are also the

basis of a fraud claim against Green Tree.  <u>Id.</u> at 21-22.[2]

Defendants filed their motion to dismiss on July 29, 2014, arguing that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  ECF No. 5.

Plaintiffs failed to file an opposition to Defendants' motion.  The court left a message for Plaintiffs regarding whether Plaintiffs intended to oppose the motion, but it was not returned.

**III.     STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  <u>See</u> <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).  Courts may "consider certain materials--documents attached to the complaint, documents

---

[2] Even though Green Tree and MERS are the only two named Defendants, Plaintiffs' Complaint also makes reference to "Defendant Lighthouse Funding Corporation," "Defendant Akamai Home Loan," and "Defendant JP Morgan Chase Bank, N.A."  ECF No. 1-2, PageID # 16, 20, 21.  Because Plaintiffs' Complaint does not otherwise evidence an intention for these parties to be named as Defendants and there is no evidence that these parties have been served, the court does not treat these parties as Defendants in this action.

incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

IV.     ANALYSIS.

A.     **Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted Against MERS.**

Plaintiffs name MERS as a defendant, yet their Complaint fails to allege any wrongdoing on MERS' part. The only point at which MERS may be mentioned in the allegations of the Complaint is Plaintiffs' use of the term "Defendants" with

reference to the alleged cloud on their title to the Property.
ECF No. 1-2, PageID # 19.  However, nowhere do Plaintiffs
describe any actions taken by MERS.  Without any such
information, Plaintiffs fail to state a plausible claim for
relief against MERS.  See Iqbal, 556 U.S. at 678 ("To survive a
motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief that is
plausible on its face.  A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged.") (internal quotation marks and citation
omitted).

> **B.    Plaintiffs Fail to State a Plausible Claim Against
> Green Tree Under Section 480-2 of Hawaii Revised
> Statutes.**

Plaintiffs fail to state a plausible claim against
Green Tree under section 480-2 of Hawaii Revised Statutes because
such a claim is barred by the applicable statute of limitations.

The statute of limitations for Chapter 480 claims is
four years.  See Haw. Rev. Stat. § 480-24(a) ("Any action to
enforce a cause of action arising under this chapter shall be
barred unless commenced within four years after the cause of
action accrues[.]"); see also Pac. Radiation Oncology, LLC v.
Queen's Med. Ctr., Civ. No. 12-00064 LEK-KSC, 2014 WL 2450815, at
*5 (D. Haw. May 30, 2014) ("Pursuant to Haw. Rev. Stat. § 480-

24(a), a four-year statute of limitations applies to claims arising under Haw. Rev. Stat. Chapter 480.").  Because the allegations supporting Plaintiffs' section 480-2 claim relate to actions and representations dating from the loan's origination in 2004, and Plaintiffs offer no basis on which to toll the statute of limitations, Plaintiffs' section 480-2 claim is time-barred.

Even if Plaintiffs' claim was timely, it would not survive Defendants' motion to dismiss.  Green Tree did not originate Plaintiffs' loan, and it is unclear how Green Tree, the current servicer, would be responsible for the misconduct alleged in connection with Plaintiffs' section 480-2 claim.  Plaintiffs may be complaining about a loan unrelated to Green Tree, as their papers refer to J.P. Morgan Chase Bank, without any textual allegation about that entity, and to a loan with terms different from the loan Green Tree appears to be servicing.

## C. Plaintiffs Fail to State a Plausible Claim Against Green Tree Under Section 481A-3 of Hawaii Revised Statutes.

Plaintiffs contend that Green Tree violated section 481A-3 of Hawaii Revised Statues, but nowhere explain which of the many subsections of that statute they believe applies to the circumstances at issue.  Contrary to Plaintiffs' assertions, the Uniform Deceptive Trade Practice Act, of which section 481A-3 is a part, does not appear relevant to the conduct of which Plaintiffs complain.  Under such circumstances, Plaintiffs fail

to state a plausible claim against Green Tree under section 481A-3.

> **D. Plaintiffs Fail to State a Plausible Fraud Claim Against Green Tree.**
>
> **1. Statute of Limitations.**

Plaintiffs' fraud claim based on the allegation that Green Tree "[f]alsely represented that the Lighthouse loan was affordable for the Plaintiffs" is barred by the statute of limitations. ECF No. 1-2, PageID # 21.

The statute of limitations for fraud is six years. <u>See</u> Haw. Rev. Stat. § 657-1; <u>see also</u> <u>Hancock v. Kulana Partners, LLC</u>, 992 F. Supp. 2d 1053, 1059 (D. Haw. 2014) ("Claims sounding in fraud, whether based on state or federal law, are governed by this six-year statute of limitations."). "Claims for fraud . . . arise when the fraud is or should have been discovered." <u>Mroz v. Hoaloha Na Eha, Inc.</u>, 360 F. Supp. 2d 1122, 1135 (D. Haw. 2005) (internal quotation marks omitted).

The alleged fraud based on a misrepresentation as to the affordability of the loan was capable of being discovered at the time Plaintiffs received their loan documents in March 2004. At that time, Plaintiffs would have been apprised of the terms of the loan and been able to independently evaluate whether they could afford the loan. Because Plaintiffs did not assert this fraud claim until 2014, more than six years past the point at

which the claim arose, the claim is barred by the statute of limitations.

> **2.    Rule 9(b) of the Federal Rules of Civil Procedure.**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state *with particularity* the circumstances constituting fraud[.]" (Emphasis added).  With respect to each of Plaintiffs' bases for their fraud claim, Plaintiffs fail to meet this standard.

Nowhere do Plaintiffs state who made the alleged misrepresentations or when the alleged misrepresentations were made.  Plaintiffs provide no detail regarding the fraudulent conduct other than conclusory assertions that fraud occurred.  Such allegations fail to meet the standard imposed by Rule 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  A plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.") (internal quotation marks, citations, and brackets omitted).

> **E.    Plaintiffs Fail to State a Plausible Quiet Title Claim.**

Plaintiffs seek to quiet title pursuant to section 669-1 of Hawaii Revised Statutes, alleging that Green Tree claims

title to the Property adversely to Plaintiff and that a "deed and mortgage recorded [in] March 2004 affect or impair Plaintiffs' title in the Subject Property and constitute a cloud on Plaintiffs' title." ECF No. 1-2, PageID # 18-19.

Contrary to Plaintiffs' assertions, it does not appear that Green Tree is claiming an interest in the Property adversely to Plaintiffs. Green Tree is the current servicer of the loan, and "routine loan servicing by itself does not constitute a cloud on title for purposes of a quiet title claim[.]" Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1262 (D. Haw. 2012). Plaintiffs point to a deed and mortgage recorded in March 2004 through which Green Tree allegedly "claims to hold title to the Subject Property adversely to the claims of the Plaintiffs," but there is no plausible factual allegation suggesting that Green Tree is making any such claim. ECF No. 1-2, PageID # 18, 19. Indeed, Plaintiffs' exhibits indicate that the Mortgage was recorded in the Bureau of Conveyances by Lighthouse, the lender. The conclusory allegation that Green Tree, the loan servicer, claims to hold title to the Property adversely to Plaintiffs is insufficient to support a plausible quiet title claim. See Cortez v. New Century Mortgage Corp., No. 11-01019 CW, 2011 WL 5325524, at *6 (N.D. Cal. Nov. 3, 2011).

**F.    No Leave to Amend.**

When a complaint is dismissed, "[l]eave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Abagninin v. AMVAC Chemical Corp.</u>, 545 F.3d 733, 742 (9th Cir. 2008) (internal quotation marks and citation omitted).  The allegation of additional facts consistent with the Complaint in this matter could not cure the deficiencies of Plaintiffs' (1) section 480-2 claim, (2) section 481A-3 claim, (3) fraud claim based on a misrepresentation as to affordability, and (4) quiet title claim, as asserted against Green Tree. Therefore, those claims are dismissed with prejudice and may not be reasserted in any amended complaint.

Plaintiffs' claims against MERS and the remaining fraud claims are dismissed without prejudice.  If this court had any indication that Plaintiffs desired to prosecute this action, the court would likely give Plaintiffs leave to file an amended complaint in which they could attempt to cure the pleading deficiencies in the claims against MERS and in the remaining fraud claims.  However, Plaintiffs have filed no written opposition to the motion to dismiss and have failed to respond to the court's telephone message.  Left with no indication that Plaintiffs retain any desire to proceed with this case, this court does not give them leave to file an amended complaint.  If

Plaintiffs do indeed wish to proceed with this case, they must so notify this court in writing no later than September 15, 2014, including in that notification an explanation as to why they filed no written opposition to the motion to dismiss and why they failed to call the court back in response to the court's telephone message.  If the court does not receive written notification from Plaintiffs by September 15, 2014, the Clerk of Court will enter judgment for Green Tree and MERS and will close this case.

## V.       CONCLUSION.

The court grants Defendants' motion to dismiss.  If Plaintiffs wish to proceed with this case, they must so notify the court in writing by September 15, 2014, including the explanation set forth above.  Otherwise, judgment will be entered in favor of Green Tree and MERS, and this case will be closed.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 4, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Milosky, et al. v. Green Tree Servicing LLC, et al., Civ. No. 14-00334
SOM/BMK; ORDER GRANTING MOTION TO DISMISS